# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SAMUEL LEWACO CLAY,

      Petitioner,

v.                                                                                  Civil Action No. 1:17cv109
                                                                                    (Judge Keeley)

JENNIFER SAAD, Warden,

      Respondent.

## REPORT AND RECOMMENDATION

## I.  Background

On June 20, 2017, Samuel Lewaco Clay ("Petitioner"), an inmate at FCI Gilmer in Glenville, West Virginia, filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his enhanced sentence in the United States District Court for the Eastern District of Kentucky. ECF No. 1. Along with his petition, Clay filed a Motion to Correct Sentence Pursuant to Actual Innocence of Being a Career Criminal.  ECF No. 2.  Pursuant to a Notice of Deficient Pleading, on July 7, 2017, Petitioner paid the $5.00 filing fee. ECF No. 6. On July 10, 2017, the undersigned made a preliminary review of the petition, determined that summary dismissal was not warranted, and issued an Order to Show Cause to the Respondent. ECF No. 7. On August 3, 2017, the Respondent filed a Motion to Dismiss and Response to Order to Show Cause with a memorandum in support.  ECF Nos. 9 & 10. Because Petitioner was proceeding *pro se*, on August 9, 2017, a Roseboro Notice was issued; on August 21, 2016, Petitioner filed his response in opposition. ECF Nos. 12 & 14.  By Order entered on December 13, 207, Petitioner's June 20, 2017 Motion to Correct Sentence Pursuant to Actual Innocence of

Being a Career Criminal was construed as a memorandum in support and the Clerk was directed to modify its docket entry to reflect the same. ECF No. 16.

This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

## II. <u>Facts</u>[1]

On June 1, 2006, in the Eastern District of Kentucky, Petitioner was charged in three counts of a three-count indictment in Count One with possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(l); in Count Two with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and in Count Three with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); the indictment also contained two counts of forfeitures, for currency, the firearm, and ammunition. ECF No. 1. On July 6, 2006, a superseding indictment was entered, charging Petitioner in Count One-S with possessing with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(l); in Count Two-S with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and in Count Three-S with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(l). ECF No. 13. This superseding indictment also contained two counts of forfeitures, for currency, the firearm, and ammunition. <u>Id.</u> On August 16, 2006, after his motion to suppress evidence was denied, conditioned upon his right to appeal the denial of his motion to

---

[1] The facts are taken from the Petitioner's criminal Case No. 5:06cr83-JMH-REW-1 in the Eastern District of Kentucky, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. <u>Philips v. Pitt Cnty. Mem. Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); <u>Colonial Penn. Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

suppress, Petitioner pled guilty to Count One-S, possession with intent to distribute crack cocaine and to the forfeiture in Count Four. See ECF Nos. 27, 30, & 69 at 1; see also ECF No. 55 at 1. On December 11, 2006, Petitioner was sentenced to 262 months imprisonment as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("USSG") and to 8 years of supervised release on Count One-S and the remaining charges were dismissed. ECF No. 42. Petitioner appealed the denial of his motion to suppress but on February 4, 2008, by unpublished opinion, the Sixth Circuit Court of Appeals affirmed the district court's judgment. ECF No. 55. Clay's petition to the United States Supreme Court for a writ of *certiorari* was denied on June 2, 2008. ECF No. 58.

On June 10, 2009, Petitioner filed his first Motion to Vacate under 28 U.S.C. § 2255, raising claims of counsel's ineffectiveness for advising him to plead guilty instead challenging the indictment and his career offender status; for not adequately challenging the drug amount listed in the presentence investigation report ("PSR"); and for failing to attack the indictment as defective because it did not state the drug amount. ECF No. 63 at 4. On May 13, 2010, a report and recommendation by the magistrate judge recommended that the § 2255 motion be denied as untimely, as barred by Petitioner's plea agreement waiver, and on the merits. ECF No. 69 at 8. By Order entered on January 11, 2011, the R&R was adopted and the § 2255 motion was denied with no certificate of appealability. ECF No. 71.

On July 2, 2013, Petitioner filed a 18 U.S.C. § 3582 Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses. ECF No. 73. It was denied by Order entered July 15, 2013. ECF No. 74. Petitioner's appeal of the same was dismissed on April 15, 2014, by the Sixth Circuit Court of Appeals' Order affirming the district court's judgment. ECF No. 80.

On December 30, 2014, Petitioner filed another 18 U.S.C. § 3582 Motion to Reduce Sentence, arguing that based upon the Sentencing Commission's recent Amendment 782 to the USSG, he was entitled to be resentenced. ECF No. 82. By Order entered on March 24, 2015, the motion was denied. ECF No. 83.

On or about June 7, 2013 [see ECF No. 84-1 at 22] Petitioner filed a 28 U.S.C. § 2244 motion with the Sixth Circuit, seeking leave to file a second or successive § 2255 motion pursuant to the Supreme Court's decision in Johnson v. United States,[2] arguing that he no longer qualified as a career offender under § 4B1.1 of the USSG, because post-Johnson, his Kentucky predicate conviction for assault under extreme emotional disturbance did not meet the definition of a "crime of violence." ECF No. 84-1 at 18. On December 5, 2016, the Sixth Circuit rejected Petitioner's argument, holding that the assault conviction qualified under the section's elements clause, not the residual clause potentially invalidated by Johnson, and denied Petitioner permission to file a second or successive § 2255 motion. ECF No. 86.

Nonetheless, on January 23, 2017, despite being denied permission to file a second or successive § 2255 motion, Petitioner filed a second § 2255 motion in the sentencing court, again arguing that he no longer qualified as a career offender under § 4B1.1 of the USSG after Johnson v. United States, *supra*, and Beckles v. United States.[3] On March 3, 2017, the District Court adopted the magistrate judge's earlier R&R and denied and dismissed Plaintiff's motion as second or successive. ECF No. 91.

### III. Contentions of the Parties

---

[2] Johnson v. United States, 135 S. Ct. 2551 (2015)(holding unconstitutional the residual clause of the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(1) and its definitions). "Johnson is retroactive in cases on collateral review[.]" Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

[3] Beckles v. United States, 136 S. Ct. 2510 (2016).

**A. <u>The Petition</u>**

In his pending 2241 petition, the Petitioner argues that under the savings clause of 28 U.S.C. § 2255(e), pursuant to the Supreme Court's decision in <u>Mathis v. United States</u>,[4] 136 S.Ct. 2243 (2016), he is entitled to collaterally attack his sentence because he was improperly sentenced as a career offender under USSG 4B1.1, an invalid enhancement and a due process violation, and that he is actually innocent of the same. ECF No. 2 at 8; <u>see</u> <u>also</u> ECF No. 1 at 5 – 6 & 9.  Petitioner also makes an unclear argument under <u>Descamps v. United States</u>,[5] arguing that his predicate offense of delivering a controlled substance is broader than the USSG's definition of a controlled substance offense.  ECF No. 2 at 9.

For relief, the Petitioner seeks to be resentenced without the career criminal enhancement. ECF No. 1 at 8.

**B. <u>Respondent's Motion to Dismiss</u>**

Respondent argues that the petition should be dismissed because Petitioner's claim challenges the legality of his federal sentence itself as imposed, not the computation of his sentence, and such claims must normally be raised on appeal, or raised by filing a § 2255 motion in the sentencing court. Respondent further argues that Petitioner's claims are barred because they cannot meet the stringent standard set by the Fourth Circuit in <u>In re Jones</u>.[6] Finally, Respondent contends that Petitioner's reliance on <u>Mathis</u> is misplaced, because <u>Mathis</u> does not announce a new rule of law and is irrelevant to the determination of whether Petitioner can assert

---

[4] <u>Mathis v. United States</u>, 136 S.Ct. 2243 (2016).

[5] <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013).

[6] <u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000).

his claims under § 2241, thus, Petitioner cannot meet the second prong of <u>In re Jones</u>. ECF No. 10 at 3 – 6.

**C. <u>Petitioner's Response in Opposition</u>**

Petitioner reiterates his arguments and attempts to refute the Respondent's on the same. He argues that <u>Mathis,</u> <u>Descamps,</u> and <u>Alleyne</u>[7] entitle him to relief, and that the state statute in his case "does not comport with the violent act requirement" because the act "was performed without violence" and the career criminal enhancement does not apply. ECF No. 14 at 2. He insists that he is actually innocent of the career criminal enhancement. <u>Id.</u> at 3.

**IV. <u>Standard of Review</u>**

**A. <u>Motion to Dismiss</u>**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993); <u>see</u> <u>also</u> <u>Martin</u>, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Courts long have cited the

---

[7] <u>Alleyne v. United States</u>, __ U.S. __, 133 S.Ct. 2151 (2013), was decided seven years after Petitioner's 2006 conviction.

"rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," [id. (citations omitted)], to one that is "plausible on its face," [id. at 570], rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93 - 94 (2007)(*per curiam*). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## V. <u>Analysis</u>

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." <u>Anderson v. Pettiford</u>, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a Section 2241 petition under the "savings clause" of Section 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).

The Fourth Circuit has set forth the following test to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction.[8] Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 334-34); see also Rouse v. Wilson, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); Darden v. Stephens, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

Here, although Petitioner's arguments are somewhat difficult to discern, in his memorandum in support of his petition and in his response in opposition to the Respondent's dispositive motion, in addition to Mathis, he relies on Alleyne v. United States, Descamps, and other cases, specifically, "Dorsainvil" and "Bailey"[9] to support his argument that his career offender status should be vacated.

Petitioner's attempt to invoke the holding in Alleyne is misplaced for a number of reasons. In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133

---

[8] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 623 (1998).

[9] Petitioner failed to give citations for these cases, thus they will not be considered.

S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id. at 2162. This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi). The substance of Petitioner's argument appears to be that his sentence was enhanced pursuant to U.S.S.G. §4B1.1, based on the sentencing court's determination that he was a career offender. However, even if Petitioner's sentence were improperly enhanced by the sentencing court's consideration of his predicate convictions, he still fails to establish a claim that would permit this Court to afford him relief under § 2241 based on Alleyne. A number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Furthermore, Alleyne is clearly distinguishable from Petitioner's case. In Alleyne, the defendant was convicted by a jury. Conversely, here, Petitioner signed a plea agreement and thus

waived his right to have sentencing determinations made by a jury. See E.D. Ky, Case No. 5:06cr83, ECF No. 69 at 8. Moreover, in signing the plea agreement, Petitioner acknowledged that he was aware that he faced a maximum sentence of not less than ten years no more than life. Id. Petitioner's sentence of 262 months, while more than he may have anticipated, clearly falls with the statutory minimum of not less than ten and nor more than life imprisonment.

Likewise, Petitioner's Descamps argument is unavailing. In Descamps, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA"), "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282. Defendant, however, was sentenced as a career offender under U.S.S.G. § 4B1.1, not as an armed career criminal under the ACCA. Accordingly, Descamps is inapplicable to his claim.

Finally, the undersigned notes that Petitioner carefully avoids raising any challenge to his underlying conviction and nowhere asserts that he is actually innocent of the crime to which he pled guilty. Instead, he relies on the United States Supreme Court's decision in Mathis (explaining how courts should determine whether a state crime can be used as predicate offense under the ACCA)[10] for relief, arguing that his Kentucky predicate convictions are not qualifying

---

[10] More specifically, the Supreme Court outlined the process by which a district court should determine, for the purpose of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). 136 S.Ct. 2247-57. Prior to Mathis, the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. 136 S.Ct. at 2257; see also Taylor v. United States, 495 U.S. 575, 599 (1990). The Supreme Court reaffirmed this approach in Mathis, but added that, because the inquiry focused on the generic offense, a court "may not ask whether the defendant's conduct – his particular means of committing the crime – falls within the generic definition." 136 S.Ct. at 2257. Accordingly, the Supreme Court concluded that if the elements of the state law crime are broader than the generic version of an enumerated federal offense, then the state law conviction could not serve as a predicate for career offender status under the Armed Career Criminal Act. Id.

convictions for the career offender enhancement.[11] However, Petitioner's reliance on the <u>Mathis</u> decision is also misplaced; <u>Mathis</u> did not decriminalize the conduct for which Petitioner was convicted, and therefore, under Fourth Circuit precedent, he is unable to satisfy § 2255's savings clause to seek relief under § 2241.[12] Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. <u>Rice</u>, 617 F.3d at 807.

## VI. <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss [ECF No. 9] be **GRANTED** and Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED and DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations**. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

---

[11] The Sixth Circuit's Order denying Petitioner's § 2244 motion states that Petitioner's prior convictions were for distribution of cocaine base and for assault under extreme emotional disturbance. <u>See</u> E.D. Ky. Case No. 5:06cr83, ECF No. 86 at 1.

[12] The undersigned acknowledges that two circuits have held that the savings clause is applicable to challenges to allegedly unlawful sentences. <u>See</u> <u>Hill v. Masters</u>, 836 F.3d 591, 596 (6th Cir. 2016) (concluding that the savings clause permits § 2241 cases challenging fundamental sentencing error, including sentences above a statutory maximum or mandatory guideline range) and <u>Brown v. Caraway</u>, 719 F.3d 583, 588 (7th Cir. 2013) (same). However, the United States Supreme Court has yet to issue a decision that would support the opinions reached by those circuits. Therefore, this Court should continue to follow Fourth Circuit precedent as outlined above.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record.

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATE: December 18, 2017

/s/ *Michael J. Aloi*

MICHAEL J. ALOI
UNITED STATES MAGISTRATE JUDGE