IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SAMUEL LEWACO CLAY,**

    **Petitioner,**

**v.**  //   CIVIL ACTION NO. 1:17CV109
                    (Judge Keeley)

**JENNIFER SAAD, Warden,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

On August 16, 2006, the pro se petitioner, Samuel Lewaco Clay ("Clay"), pleaded guilty to possession with intent to distribute crack cocaine in the Eastern District of Kentucky. At his sentencing hearing on December 11, 2006, the district court classified Clay as a career offender under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1 and sentenced him to 262 months of incarceration. Since that time, Clay has unsuccessfully attacked his conviction and sentence by direct appeal, a motion pursuant to 28 U.S.C. § 2255, two motions pursuant to 18 U.S.C. § 3582, and a motion to file a second or successive § 2255 petition based on Johnson v. United States, 135 S. Ct. 2551 (2015). Clay is presently incarcerated at Federal Correctional Institution, Gilmer.

On June 20, 2017, Clay filed the pending Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Dkt. No. 1). His argument is two-fold. First, Clay argues that his due process rights were violated when his sentencing court improperly applied

**CLAY V. SAAD**                                               **1:17CV109**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

the career offender enhancement. Id. at 6. Second, he argues that, after the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), his prior convictions in Kentucky no longer qualify as predicate controlled substance offenses, thus rendering him "actually innocent" of the career offender enhancement (Dkt. No. 1 at 1, 8). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the Petition to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review.

The respondent, Warden Jennifer Saad ("Warden Saad"), moved to dismiss the Petition on August 3, 2017 (Dkt. Nos. 9; 10). In a Report and Recommendation ("R&R") entered on December 18, 2017, Magistrate Judge Aloi recommended that the Court grant Warden Saad's motion and deny and dismiss the Petition without prejudice (Dkt. No. 17). He reasoned that Clay cannot utilize § 2241, rather than § 2255, to attack his sentence because the conduct for which he was convicted remains a criminal offense. Id. at 11-12.

On January 8, 2018, Clay filed timely objections to the R&R (Dkt. No. 20). In his objections, Clay summarizes the Supreme Court's decision in Mathis; argues that the Court should apply a Sixth Circuit case regarding the scope of § 2241, Hill v. Masters, 836 F.3d 591 (6th Cir. 2016); and asks the Court to "provide him

**CLAY V. SAAD**                                                     **1:17CV109**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

guides as to the proper vehicle in the matter and or grant him a (90) day stay" for the purpose of obtaining counsel (Dkt. No. 20).

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Accordingly, the Court will review de novo those portions of the R&R to which Clay has objected, and review for clear error the remainder of the R&R. For the following reasons, the Court concludes that Clay's objections are without merit.

As outlined in the R&R, it is well established that challenges to sentence validity, such as Clay's Petition, are properly brought pursuant to 28 U.S.C. § 2255. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Only in limited circumstances, when § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to

3

**CLAY V. SAAD**                                                         **1:17CV109**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

bring a collateral attack pursuant to § 2241. In re Vial, 115 F.3d at 1194 n.5; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). In the Fourth Circuit, a petitioner may establish "that § 2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Essentially, a prisoner must have "had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law." Rice, 617 F.3d at 807.

Here, as Magistrate Judge Aloi reasoned, Clay simply has not established that § 2255 is inadequate or ineffective because he has not met the requirements articulated in In re Jones. In particular, Clay has not even attempted to demonstrate that the conduct for which he was convicted - possession with intent to distribute crack cocaine - is no longer criminal (Dkt. No. 17 at 11-12). Clay merely challenges the sentencing court's application of U.S.S.G. § 4B1.1, the career offender enhancement. "[W]hether or not the Petitioner's sentencing enhancement is valid," however, "he has not demonstrated

CLAY V. SAAD                                              1:17CV109

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

that a motion under § 2255 is inadequate or ineffective to assert his claims," and thus cannot utilize § 2241. <u>Brandon v. Wilson</u>, No. 3:16cv142, 2017 WL 707490, at *1 (N.D.W.Va. Feb. 22, 2017), <u>affirmed as modified</u>, 699 F. App'x 283 (4th Cir. 2017).

Although several courts of appeals, including the circuit in which Clay was convicted, have allowed certain sentences to be challenged pursuant to § 2241, <u>see</u> <u>Hill</u> 836 F.3d 591, the R&R properly concluded that the Petition is governed by the law of the Fourth Circuit. Moreover, even if the Court were to apply the "narrow" exception articulated by the Sixth Circuit in <u>Hill</u>, Clay still would not be entitled to attack his sentencing enhancement under § 2241 because he was sentenced after the Supreme Court's decision in <u>United States v. Booker</u> rendered the guidelines advisory. See <u>Pittman v. Quintana</u>, No. 16-6857, 2017 WL 6759113, at *2 (6th Cir. Sept. 18, 2017) (quoting <u>Hill</u>, 836 F.3d at 599-600).

Finally, because Clay clearly cannot utilize § 2241 to challenge his sentence, staying this case for the purpose of permitting Clay to retain counsel would be futile. Therefore, upon review of the entire record, the Court:

1)   **ADOPTS** the R&R (Dkt. No. 17);

2)   **OVERRULES** Clay's objections (Dkt. No. 20);

3)   **GRANTS** Warden Saad's motion to dismiss (Dkt. No. 9); and

5

**CLAY V. SAAD**                                                    **1:17CV109**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

**CLAY V. SAAD**                                                    **1:17CV109**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

    **4)** **DENIES** and **DISMISSES** Clay's Petition **WITHOUT PREJUDICE** (Dkt. No. 1).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail and return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: January 10, 2018.

                                            /s/ Irene M. Keeley
                                            IRENE M. KEELEY
                                            UNITED STATES DISTRICT JUDGE